# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| George Alden Brown, ) | |
| ) | Case No.: 2:99-cr-242-PMD |
| Petitioner, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

George Brown moves to vacate, set aside, or correct his federal prison sentence under 28 U.S.C. § 2255 (ECF Nos. 31 and 42). The United States ("Government") has filed a motion to dismiss (ECF No. 35). Having thoroughly reviewed the motions and the record in this case, the Court finds this matter suitable for disposition without a hearing. For the reasons stated herein, the Court grants the Government's motion in part and, consequently, dismisses Brown's § 2255 motion in part. Proceedings on the remaining portion of Brown's § 2255 motion are stayed.

## BACKGROUND

In 1999, Brown pled guilty to five charges: two counts of Hobbs Act robbery, *see* 18 U.S.C. § 1951(a) (Counts 1 and 4); two counts of use of a firearm during and in relation to those robberies, *see* 18 U.S.C. § 924(c) (Counts 2 and 5); and one count of possession of a firearm after a felony conviction, *see* 18 U.S.C. § 922(g) (Count 3). When Brown pled guilty, his criminal history included two convictions in North Carolina for robbery with a dangerous weapon and three convictions in South Carolina for strong arm robbery. Based on that criminal history, Brown was subject to a fifteen-year mandatory minimum sentence on his felon-in-possession charge under the Armed Career Criminal Act ("ACCA"). *See* 18 U.S.C. § 924(e)(1). That criminal history also warranted designating Brown as a career offender under the United

States Sentencing Guidelines. *See* U.S.S.G. § 4A1.1(a). Finally, because Brown's two Hobbs Act robberies constituted "crime[s] of violence" under § 924(c), Brown faced an additional mandatory prison term for each of his § 924(c) charges. The Court sentenced Brown to 622 months in prison—262 months for Count 3; 240 months each as to Counts 1 and 4, to be served concurrently with the sentence on Count 3; 60 consecutive months on Count 2; and 300 consecutive months on Count 5.

In 2001, Brown filed a § 2255 motion asserting several constitutional violations. The Court rejected most of his arguments but found merit to his claim that his 300-month sentence on Count 5 violated the Constitution's Ex Post Facto clause. Accordingly, the Court reduced his sentence on that charge to 240 months. Brown appealed. The Fourth Circuit dismissed the appeal. *Brown v. United States*, 65 F. App'x 467 (4th Cir. 2003) (per curiam).

After receiving authorization from the Fourth Circuit to file a second or successive § 2255 motion, *see In re Brown*, No. 16-902 (4th Cir. June 6, 2016), Brown filed his current § 2255 motion in June 2016. In it, he argued that his sentences for his two § 924(c) convictions are unconstitutional under *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Government responded by filing a motion to dismiss. Brown replied by amending his § 2255 motion to add challenges to his ACCA enhancement and to his career-offender designation. As the Government's time for responding to those new claims has expired, this matter is now ripe for consideration.

## APPLICABLE LAW

Brown proceeds under 28 U.S.C. § 2255, which provides, in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the

2

> United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).  On a motion to vacate, set aside, or correct a sentence under § 2255, the petitioner bears the burden of proving the grounds for collateral attack by a preponderance of the evidence.  *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).  In deciding a § 2255 motion, the district court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).

In conducting the § 2255(b) review in this case, this Court is mindful that *pro se* filings are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and that federal courts must construe such pleadings liberally to allow the development of potentially meritorious claims, *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam).  The liberal construction requirement, however, does not mean courts can ignore a clear failure to allege facts that set forth claims cognizable in federal district court.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

As explained below, Brown's challenges to his ACCA enhancement and his career-offender designation are without merit.  His challenge to his § 924(c) convictions raises questions that the Fourth Circuit is preparing to answer.

### I.     ACCA Enhancement

Under the ACCA, a defendant must be sentenced to at least fifteen years in prison if he has at least "three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another."  18 U.S.C. § 924(e)(1). The ACCA's definition of "violent felony" includes any crime, punishable by more than a year in prison, that—

3

> i. has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> ii. is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

18 U.S.C. § 924(e)(2)(B) (emphasis added). The italicized language above is commonly called the "residual clause." *See, e.g.*, *In re Hubbard*, 825 F.3d 225, 229 (4th Cir. 2016). In *Johnson*, the Supreme Court invalidated the ACCA's residual clause. 135 S. Ct. at 2563. Brown argues that after *Johnson*, his ACCA enhancement is invalid because he does not have three prior convictions that fit within any of the remaining portions of the ACCA's violent-felony definition or within its definition of serious drug offense.

Subsection 924(e)(2)(B)(i) is known as the "force clause." *E.g.*, *United States v. Doctor*, No. 15-4764, 2016 WL 6833343, at *1 (4th Cir. Nov. 21, 2016). The Fourth Circuit recently held in *Doctor* that South Carolina strong arm robbery categorically falls under the force clause. *Id.* at *5. Thus, under *Doctor*, each of Brown's three convictions for that offense still counts as an ACCA predicate violent felony.[1] As those three convictions alone trigger the mandatory minimum sentence, Brown's attack on his ACCA enhancement fails.[2]

## II.     Career-Offender Designation

Under the sentencing guidelines, a defendant can face an enhanced recommended prison sentence as a career offender if (1) he was at least eighteen years old at the time he committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) he "has at least two prior felony

---

1. The Court is satisfied that Brown committed the robberies on occasions different from one another. *See United States v. Carr*, 592 F.3d 636, 644 (4th Cir. 2010).

2. Brown has also argued that his North Carolina convictions for robbery with a dangerous weapon cannot fit within the ACCA's force clause. In light of the Court's conclusion above, the Court need not reach that issue.

4

convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). Brown's challenge focuses solely on the third of those requirements.

When Brown pled guilty, the guidelines defined "crime of violence" as any crime, punishable by more than a year in prison, that—

   i.   has as an element the use, attempted use, or threatened use of physical force against the person of another, or

   ii.  is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a) (1998). Because this definition is nearly identical to the ACCA's violent-felony definition, courts' interpretations of one definition "apply with equal force" to the other. *United States v. Jarmon*, 596 F.3d 228, 231 n.\* (4th Cir. 2010).

Brown argues that *Johnson*'s holding extends to § 4B1.2(a)'s residual clause and that, without the residual clause, his career-offender designation is invalid because his prior convictions do not constitute predicate offenses under any other portion of § 4B1.2. The Supreme Court is poised to decide whether *Johnson*'s holding extends to U.S.S.G. § 4B1.2(a)(2) and whether *Johnson* applies retroactively to collateral challenges of sentences enhanced using § 4B1.2(a)'s residual clause. *See Beckles v. United States*, 616 F. App'x 415 (11th Cir. 2015), *cert. granted*, 2016 WL 1029080 (U.S. June 27, 2016) (No. 15-8544). In several cases, this Court has stayed proceedings on § 2255 motions pending the outcome of *Beckles*. However, no stay is needed here. For the following reasons, Brown's challenge fails regardless of what the Supreme Court might decide in *Beckles*.

First, because *Doctor*'s holding applies to § 4B1.2(a), *see Jarmon*, 596 F.3d at 231 n.\*, Brown's three South Carolina robbery convictions are crimes of violence under § 4B1.2(a)'s force clause. However, under the guidelines, those convictions must be treated as a single

5

career-offender predicate crime of violence because Brown was sentenced for all of them on the same day and they were not separated by an intervening arrest. *See* U.S.S.G. §§ 4B1.2(a)(2); 4B1.2(c). Thus, for Brown's career-offender designation to remain valid even after a defense-friendly result in *Beckles*, at least one other of his prior convictions must constitute a predicate offense under something other than § 4B1.2(a)'s residual clause.

As mentioned above, Brown has two North Carolina convictions for robbery with a dangerous weapon. Assuming those constitute crimes of violence under § 4B1.2(a), they would count as a single career-offender predicate offense because, like Brown's South Carolina robbery convictions, they were not separated by an intervening arrest and Brown was sentenced for both on the same day. Brown argues that the North Carolina crime of robbery with a dangerous weapon cannot fit under § 4B1.2(a)'s force clause. However, the Fourth Circuit recently held it does. *See United States v. Smith*, 638 F. App'x 216, 219 (4th Cir.) (per curiam), *cert. denied*, 137 S. Ct. 113 (2016). Brown's argument is thus without merit.

In sum, even if the Supreme Court rules in *Beckles* that *Johnson* invalidates § 4B1.2(a)'s residual clause, Brown's career-offender designation would still be valid because his robbery convictions count as two predicate crimes of violence under the force clause. Accordingly, Brown's challenge fails.

### III.     § 924(c) Convictions

18 U.S.C. § 924(c)(1)(A) provides for the punishment of anyone "who, during and in relation to any crime of violence or drug trafficking crime . . . , uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." "Crime of violence" in § 924(c)(1) is a defined term: an offense that is a felony and—

> (A)     has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

6

  (B)  that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

§ 924(c)(3).  Brown's two Hobbs Act robbery charges served as the predicate crimes of violence for his two § 924(c) charges.  Brown argues that *Johnson*'s holding applies to § 924(c)(3)(B) and that Hobbs Act robbery cannot fit within § 924(c)(3)(A).  The Fourth Circuit is currently considering those issues.  *See United States v. Simms*, No. 15-4640 (4th Cir. filed Oct. 23, 2015); *United States v. Ali*, No. 15-4433 (4th Cir. filed July 10, 2015). The Court finds it appropriate to stay proceedings on this portion of Brown's § 2255 motion until the Fourth Circuit decides *Simms* and *Ali*.

## CONCLUSION

Based on the foregoing, it is **ORDERED** that the Government's motion is **GRANTED IN PART** and Brown's § 2255 motion is **DENIED IN PART**, specifically insofar as Brown seeks relief from his ACCA enhancement and career-offender designation.  It is further **ORDERED** that proceedings on the remainder of Brown's § 2255 motion are **STAYED** until the Fourth Circuit decides *Simms* and *Ali*.

  **AND IT IS SO ORDERED.**

                  PATRICK MICHAEL DUFFY
                  United States District Judge

**November 30, 2016**
**Charleston, South Carolina**