IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| George Alden Brown, | ) | Cr. No. 2:99-242-MBS |
|---|---|---|
| Movant, | ) | |
| v. | ) | **ORDER** |
| United States of America, | ) | |
| Respondent. | ) | |

Movant George Aden Brown is an inmate in custody of the Bureau of Prisons. He seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

## I. BACKGROUND

In 1999, Movant pleaded guilty before the Honorable Patrick Michael Duffy to five charges: two counts of Hobbs Act robbery, *see* 18 U.S.C. § 1951(a) (Counts 1 and 4); two counts of use of a firearm during and in relation to those robberies, *see* 18 U.S.C. § 924(c) (Counts 2 and 5); and one count of possession of a firearm after a felony conviction, *see* 18 U.S.C. § 922(g) (Count 3). Movant's criminal history included two convictions in North Carolina for robbery with a dangerous weapon and three convictions in South Carolina for strong arm robbery. Based on that criminal history, Movant was subject to a fifteen-year mandatory minimum sentence on his felon-in-possession charge under the Armed Career Criminal Act ("ACCA"). *See* 18 U.S.C. § 924(e)(1). Movant was also deemed a career offender under the United States Sentencing Guidelines as a result of his criminal history. *See* U.S.S.G. § 4A1.1(a). Finally, because Movant's two Hobbs Act robberies constituted "crime[s] of violence" under § 924(c), he faced an additional mandatory prison term for each of his § 924(c) charges. Judge Duffy sentenced Movant to 622 months in prison—262 months for Count 3; 240 months each as to Counts 1 and

4, to be served concurrently with the sentence on Count 3; 60 consecutive months on Count 2; and 300 consecutive months on Count 5.

In 2001, Movant filed a § 2255 motion asserting several constitutional violations. The court rejected most of his arguments but found merit to his claim that his 300-month sentence on Count 5 violated the Constitution's Ex Post Facto clause. Accordingly, on August 22, 2002, Judge Duffy reduced his sentence on that charge to 240 months. ECF No. 26. Movant appealed; the Fourth Circuit dismissed the appeal. *Brown v. United States*, 65 F. App'x 467 (4th Cir. 2003) (per curiam).

Upon authorization by the Fourth Circuit, *see In re Brown*, No. 16-902 (4th Cir. June 6, 2016), Movant filed the pending § 2255 motion on June 27, 2016. ECF No. 31. In the motion, Movant argues that the sentences for his two § 924(c) convictions are unconstitutional under *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Government responded by filing a motion to dismiss, ECF No. 35, and Movant replied by amending his § 2255 motion to add challenges to his ACCA enhancement and to his career-offender designation, ECF No. 42. In an order issued November 30, 2016, Judge Duffy determined that Movant's challenges to the ACCA enhancement and career-offender designation were without merit because his robbery convictions count as predicate violent felonies under ACCA and predicate crimes of violence under the Sentencing Guidelines. ECF No. 43 at 4, 6. With respect to Movant's arguments regarding the sentences for his two § 924(c) convictions, Judge Duffy noted that the same issues were before the Fourth Circuit in the matters of *United States v. Simms*, No. 15-4640 (4th Cir. filed Oct. 23, 2015) (considering whether § 924(c)(3)(B) is unconstitutionally vague) and *United States v. Ali*, No. 15-4433 (4th Cir. filed July 10, 2015) (considering whether Hobbs Act robbery is a crime of violence for the purpose of § 924(c)(3)(A)). Accordingly, Judge Duffy stayed

proceedings on that portion of the § 2255 motion pending the Fourth Circuit's decision in the two cases. *Id.* at 7. This case was reassigned to the undersigned on October 4, 2018.

The Fourth Circuit decided *Simms* on January 24, 2019. *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019). On February 11, 2019, the Fourth Circuit placed in abeyance *Ali* pending a decision by the Supreme Court in *United States v. Davis*, 139 S. Ct. 2319 (2019). *Ali*, No. 15-4433, ECF No. 112 (4th Cir. Feb. 11, 2019). On June 24, 2019, the Supreme Court decided *Davis*. 139 S. Ct. at 2319. The court finds that the matter is ripe for disposition. For the reasons discussed below, the motion to dismiss is granted and the § 2255 motion is denied.

## II. DISCUSSION

### A. Legal Standard

A federal prisoner in custody may challenge the fact or length of his detention by filing a motion pursuant to 28 U.S.C. § 2255. To receive relief under § 2255, a movant is required to prove by a preponderance of the evidence that his sentence was imposed in violation of the Constitution or laws of the United States; or that the court was without jurisdiction to impose such sentence; or that the sentence was in excess of the maximum authorized by law; or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). If this showing is made, the court must "vacate and set the judgment aside" and "discharge the prisoner or resentence him or grant a new trial to correct the sentence as may appear appropriate." *Id.* at § 2255(b). If, on the other hand, "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court may summarily deny the petition without holding a hearing. 28 U.S.C. § 2255(b) (providing that a hearing is not required on a § 2255 motion if the record of the case conclusively shows that a movant is entitled to no relief); *see* Rule 4(b), Rules Governing Section 2255 Proceedings. Generally, when a movant attacks his sentence based upon errors that

3

could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. *See United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999) (citing *United States v. Frady*, 456 U.S. 152, 167-68 (1982)); *United States v. Maybeck*, 23 F.3d 888, 891-92 (4th Cir. 1994).

A movant must file a § 2255 motion one year from the latest of: 1) the date on which a judgment of conviction becomes final; 2) the date on which an impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the defendant was prevented from making a motion by such governmental action; 3) the date on which a right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or 4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). A judgment of conviction becomes final when the time for seeking review expires. *Clay v. United States*, 537 U.S. 522, 525 (2003).

**B.     Analysis**

Movant seeks a correction of his sentence on the basis that the Supreme Court has newly recognized a right and made that right retroactively applicable to cases on collateral review. In *Johnson*, the Supreme Court addressed the ACCA's mandate that imposes an enhanced sentence for an offender convicted of being a felon in possession of a firearm if the offender has three or more convictions for a serious drug offense or violent felony. Under 18 U.S.C. § 924(e)(2)(B), the term "violent felony" means:

4

any crime punishable by imprisonment for a term exceeding one year . . . that—

(i) has an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

The *Johnson* Court determined that the language "or otherwise involves conduct that presents a serious potential risk of physical injury to another," known as the residual clause, is unconstitutionally vague. 135 S. Ct. at 2563.[1] Movant argues that *Johnson*'s holding applies to § 924(c)(3)(B) and that Hobbs Act robbery does not qualify as a violent crime under § 924(c)(3)(A). The Fourth Circuit recently agreed that § 924(c)(3)(B) is void for vagueness. *Simms*, 914 F.3d at 229. However, the unconstitutionality of § 924(c)(3)(B) does not invalidate Movant's § 924(c)(1)(A) conviction.

Federal law provides that a person who uses or carries a firearm "during and in relation to any crime of violence" or who "possesses a firearm" "in furtherance of any such crime" may be convicted of both the underlying crime and the additional, distinct crime of using a firearm in connection with a "crime of violence." 18 U.S.C. § 924(c)(1)(A); *Simms*, 914 F.3d at 233. Section 924(c)(3) defines "crime of violence" as "an offense that is a felony" and:

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

---

[1] The Supreme Court made *Johnson* retroactive on collateral review in *Welch v. United States*, 136 S. Ct. 1257 (2016).

Courts often refer to subsection A as the "force clause" and to subsection B as the "residual clause."

Unlike the appellant in *Simms*, who pleaded guilty to conspiracy to commit Hobbs Act robbery, Movant pleaded guilty to Hobbs Act robbery, *see* ECF No. 1 at 1-2, 5, which is defined in pertinent part as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession." 18 U.S.C. § 1951(b)(1). On July 31, 2019, the Fourth Circuit clarified that Hobbs Act robbery is a valid § 924(c) predicate crime of violence under the force clause. *United States v. Mathis*, --- F.3d ----, 2019 WL 3437626, at *15-16 (4th Cir. Jul. 31, 2019).

The holding in *Simms* regarding the constitutionality of § 924(c)(3)(B) has no bearing on Movant's conviction under § 924(c)(1)(A) because Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A). Accordingly, Movant's § 924(c)(1)(A) conviction stands.

### III. CONCLUSION

For these reasons, the stay of this matter is lifted and the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, ECF No. 31 is **DENIED**. The Motion to Dismiss, ECF No. 35, is **GRANTED**. Movant's petition is dismissed with prejudice.

### CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Rose v.*

*Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001).  The court concludes that Movant has not made the requisite showing and therefore will not issue a certificate of appealability.

**IT IS SO ORDERED.**

/s/Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

Charleston, South Carolina
August 15, 2019